10270. ATLANTIC COAST LINE RAILROAD COMPANY v. GUINNIP.

LUKE, J. The court erred in refusing to sanction the certiorari.
*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*
DECIDED JUNE 12, 1919.

Petition for certiorari; from Liberty superior court—Judge Sheppard. November 9, 1918.

From the petition for certiorari it appeared that the railroad company was sued by Guinnip in a justice's court of Liberty county for $50, on account of the killing of a horse alleged to have been killed at Allenhurst in that county on April 18, 1918; that at the appearance term the defendant filed a general denial of the plaintiff's allegations; and that the testimony at the trial on appeal in the justice's court was as follows: The plaintiff testified: "The horse which they removed from the pilot of the defendant's train at Allenhurst in said county on April 18, 1918, was my property. His value was $50, which the defendant has not paid me and is now due me. I did not see the train strike the horse." Another witness testified: "I was at the depot of the defendant at Allenhurst in Liberty county, Ga., on April 18, 1918, when the defendant's train No. 21 arrived about 3:40 p. m. When the engine rolled up to the station at Allenhurst the plaintiff's horse was on the pilot, dead. I helped to remove the carcass from the track. I did not see the train kill the horse. The value of the horse was $50." The jury rendered a verdict in favor of the plaintiff for $50, for which judgment was rendered. The petition for certiorari alleged that the verdict was contrary to law and evidence and without evidence to support it. In the brief of counsel for the railroad company it is contended: (1) At the time of the alleged killing the United States government was operating the railroad (a fact as to which judicial cognizance must be taken: 16 Cyc. 904; 38 Fed. 415, 419; General Order of Director General, No. 27, Roberts' Federal Liability of Carriers, p. 1712), and the government alone is liable, if there be any liability: Central Law Journal, Feb. 7, 1919, p. 100. (2) There was no evidence, either direct or circumstantial, that the horse was killed by the train. (3) If the suit could be construed as being against the Director General, there was no presumption against him (98 *Ga.* 306). (4) There was no evidence that the horse was struck by the train in Liberty county, and the jurisdictional

allegation of the plaintiff's pleading was not sustained: Park's Code, § 2798; 53 *Ga.* 500, 501(1); 6 *Ga. App.* 858(1); 111 *Ga.* 855, 856.

*Osborne, Lawrence & Abrahams, Melville Price,* for plaintiff in error.